UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CRAIG N. SAPP,<br><br>        Plaintiff,<br><br>        v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 15-02052-DFM<br><br>MEMORANDUM OPINION AND ORDER |

     Plaintiff Craig N. Sapp ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying his application for disability benefits. On appeal, the Court concludes that the ALJ properly considered the medical evidence of record. The ALJ also gave specific, clear, and convincing reasons for discrediting Plaintiff's testimony. Therefore, the ALJ's decision is affirmed and the matter is dismissed with prejudice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

     Plaintiff filed applications for Disability Insurance and Supplemental Security Income benefits on February 14, 2012, alleging disability beginning

July 10, 2010. Administrative Record ("AR") 133-146. After Plaintiff's applications were denied, he requested a hearing in front of an ALJ. AR 87-88. Following the hearing at which Plaintiff testified, the ALJ found that Plaintiff had the severe impairments of diabetes mellitus, peripheral neuropathy, status post bladder tumor surgery times two, status post 2009 cerebrovascular accident, aortic valve disease, and arthritis of the hip. AR 21. The ALJ found that the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. AR 21. After discounting Plaintiff's credibility about the severity of his symptoms, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and carry 10 pounds frequently and 20 pounds occasionally; to stand and walk up to 6 hours out of an 8-hour day; and to sit up to 6 hours out of an 8-hour day. AR 22-26. Based on the testimony of a vocational expert, the ALJ then concluded that Plaintiff was not disabled because there was work available in significant numbers in the national and regional economy that he could perform despite his impairments. AR 26-27.

## II.

## ISSUES PRESENTED

The parties dispute whether the ALJ: (1) correctly evaluated the opinion of the examining physician; and (2) properly assessed Plaintiff's credibility. See Joint Stipulation ("JS") at 4-28.

## III.

## DISCUSSION

### A. The ALJ Properly Weighed the Opinion of the Examining Physician

Plaintiff first contends that the ALJ improperly evaluated the opinion of the consulting examiner, Dr. Soheila Benrazavi. See JS at 4-10, 13-14.

Three types of physicians may offer opinions in Social Security cases: those who directly treated the plaintiff, those who examined but did not treat
2

the plaintiff, and those who did not treat or examine the plaintiff. See 20 C.F.R. §§ 404.1527(c), 416.927(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended). A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a non-examining physician. Lester, 81 F.3d at 830. Thus, the ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion or an examining physician's opinion in favor of a non-examining physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830-31. If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Lester, 81 F.3d 821, 830 (9th Cir. 1996) (citing Baxter v. Sullivan, 923 F.3d 1391, 1396 (9th Cir. 1991)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick, 157 F.3d at 725 (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). Further, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

      The Court finds that the ALJ properly rejected Dr. Benrazavi's opinion because it was inconsistent with Dr. Benrazavi's own clinical findings. In her evaluation, Dr. Benrazavi stated that Plaintiff had a normal range of motion in both arms. AR 237. In Plaintiff's legs, Dr. Benrazavi found some sensory impairment in the right lower leg and very mild weakness without atrophy. AR 238. She concluded that Plaintiff's cervical spine and right hip impairments were mild and Plaintiff did not require an assistive device to ambulate. AR 238. Despite her limited clinical findings, Dr. Benrazavi opined that Plaintiff

was only able to lift and carry 10 pounds occasionally and less than 10 pounds frequently. AR 238.

As the ALJ noted, Dr. Benrazavi's evaluation included no findings of any medical impairment that would prevent Plaintiff from occasionally lifting 20 pounds. AR 25. Consequently, the ALJ assigned Dr. Benrazavi's opinion "partial weight." AR 25. An ALJ may reject an examining physician's conclusions that are inconsistent with the physician's own medical findings. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005); Tonapetyan, 242 F.3d at 1149; see Chavez v. Astrue, No. 09-352, 2010 WL 5173190, at *6 (E.D. Wash. Dec. 13, 2010) (finding that ALJ properly rejected treatment provider's opinion that was contradicted by provider's own assessment of mild to moderate limitations). Thus, the ALJ properly rejected Dr. Benrazavi's opinion.

Moreover, the ALJ relied on the objective evidence in the record,[1] including the opinion of a state agency medical consultant, Dr. B. Harris, in finding that Plaintiff could lift and carry 10 pounds frequently and 20 pounds occasionally. AR 25 (citing AR 83). Additionally, Plaintiff said at the hearing that his doctors advised him not to lift more than 20 pounds. AR 55. While generally an examining physician's opinion is entitled to more weight than a non-examining physician's opinion, the ALJ assigned Dr. Harris's opinion

---

[1] In making her findings, the ALJ reviewed the evidence and noted a March 2013 examination revealing Plaintiff's complaints of right hip and low back pain, abnormal gait, and walking with a cane. AR 23. She also referenced Plaintiff's testimony that he was unable to work due to pain on his right side, fatigue, side effects from his medications for hypertension, and pain. AR 23. The ALJ referred to a CT scan showing hydrocephalus, and a report diagnosing right hemiparesis. AR 22-23. Another examination that the ALJ discussed concluded that Plaintiff did not suffer from right hemiparesis, and instead had "very mild weakness in an L4-L5 distribution[.]" AR 23.

4

"significant weight" because it was more consistent with the record as a whole.[2] AR 25; see Lester, 81 F.3d at 830-31; Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990); see also Nelson v. Astrue, No. 08-2924, 2009 WL 1699660, at *3 (N.D. Cal. June 17, 2009) (finding that ALJ properly rejected physician's opinion that was contradicted by other opinions in the medical record, including those of state agency reviewing physicians). "The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." Thomas, 278 F.3d at 957.

It is the ALJ's province to synthesize the medical evidence, including resolving conflicts between and within medical opinions. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) ("Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician . . . it is then solely the province of the ALJ to resolve the conflict."); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 603 (9th Cir. 1999) (holding that ALJ was "responsible for resolving conflicts" and "internal inconsistencies" within doctor's reports). Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Accordingly, here, the ALJ did not err in considering the examining physician's opinion,

---

[2] Plaintiff's contention that the ALJ improperly considered Dr. Harris's opinion because it was based on a nurse practitioner's "cursory non-narrative record" is without merit. See JS at 9. In fact, Dr. Harris reviewed and considered several medical reports, including reports from the Long Beach Comprehensive Health Center, the California Department of Health Care Services, and Dr. Benrazavi. AR 78-86. Dr. Harris also reviewed non-medical evidence, including Plaintiff's pain questionnaire and testimony, in making his findings about the severity of Plaintiff's impairments. AR 79-80.

and Plaintiff is therefore not entitled to relief on this claim of error.

## B. The ALJ Properly Assessed Plaintiff's Credibility

Plaintiff also contends that the ALJ erred by failing to provide clear and convincing reasons for discounting his subjective symptom testimony. See JS at 14-24, 26-28. Plaintiff testified that he suffered from mild to shooting pain in his right leg and degenerative hip problems. AR 45-56, 183, 252. He felt burning, numbness, and tingling in his feet and hands. AR 53-54. Plaintiff was diagnosed with bladder cancer for which he underwent surgery. AR 303. In May 2009, he suffered from a right cerebellar stroke with symptoms of headache, ataxia, nausea, vomiting and vertigo. AR 318. Plaintiff also had a history of high blood pressure and diabetes. AR 53, 160.

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2008) (as amended) (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2006)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain are reasonably consistent with the objective medical evidence and other evidence, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. § 404.1529(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for

discrediting a claimant's complaints. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Brown-Hunter v. Colvin, 806 F.3d 487, 493 (9th Cir. 2015) (quoting Reddick, 157 F.3d at 722). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id.

      The Court finds that the ALJ gave specific reasons for finding that Plaintiff's subjective testimony was not entirely credible, each of which is fully supported by the record. First, the ALJ noted the lack of objective verification, such as physician notes, third-party function reports, or witness testimony at the administrative hearing, corroborating Plaintiff's complaints of disabling pain. AR 24. In particular, physician examination notes in the record generally showed that Plaintiff did not make any subjective complaints of pain. AR 217, 219, 221, 226, 311, 353-54, 389, 393, 399, 405. In one instance where Plaintiff did report abdominal pain, his assessment on the pain scale was only 3 out of 10. AR 330; see Wyatt v. Colvin, No. C14-5003, 2014 WL 5605050, at *3 (W.D. Wash. Nov. 4, 2014) (finding that ALJ properly rejected claimant's credibility in part because claimant's assessment of 3 out of 10 on the pain scale did not amount to severe or disabling pain).

      Second, the ALJ considered that Plaintiff's allegations of disabling pain were unsupported by the medical evidence. After extensively reviewing the record, the ALJ reasonably concluded that the medical evidence showed only

mild findings. AR 21-24. For example, the ALJ noted that Plaintiff demonstrated a normal gait, normal reflexes, and grossly normal sensation, and only mild weakness in the right leg. AR 21, 23-24. A March 2013 examination did not include any abnormal neurological findings. AR 25 (citing AR 330-31). At the administrative hearing, Plaintiff testified that he received x-rays of his neck, hip, and back showing degenerative impairments. AR 45-47. The ALJ asked Plaintiff to provide the medical evidence, and left the record open, but none were received. AR 24, 48-49. "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch, 400 F.3d at 681.

Third, the ALJ noted that Plaintiff did not report severely constrained daily activities to his physicians and even if he had, the degree of limitation was disproportionate to Plaintiff's medical conditions. AR 24. In fact, despite Plaintiff's complaints of debilitating pain, he was able to drive his own car, complete light housekeeping chores without assistance, and complete errands such as grocery shopping without assistance. AR 170. While it is true that "one does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), the extent of Plaintiff's activity here, together with the lack of objective evidence to verify his alleged symptoms, support the ALJ's finding that Plaintiff's reports of his impairments were not fully credible. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1990) (as amended) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework and shop for some groceries ... may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair, 885 F.2d at 604).

Finally, the ALJ properly considered the fact that Plaintiff collected

unemployment benefits during the period of alleged disability and searched for a job during this time. AR 25 (citing AR 153-54). In order to collect unemployment benefits, Plaintiff had to certify that he was ready, willing, and able to work. See Carmickle v. Comm'r, 533 F.3d 1155, 1161-62 (9th Cir. 2008) (noting that where the claimant holds himself out as ready and able to work, the "receipt of unemployment benefits can undermine a claimant's alleged inability to work fulltime") (citing Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988)). Accordingly, the ALJ properly discounted Plaintiff's subjective symptom testimony.

On appellate review, this Court does not reweigh the hearing evidence regarding Plaintiff's credibility. Rather, this Court is limited to determining whether the ALJ properly identified specific, clear, and convincing reasons for discrediting Plaintiff's credibility. Smolen, 80 F.3d at 1284. The written record reflects that the ALJ did just that. As previously noted, it is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. Magallanes, 881 F.2d at 750. If the ALJ's findings are supported by substantial evidence, this Court may not engage in second-guessing. See Thomas, 278 F.3d at 959 (citing Morgan, 169 F.3d at 600); Fair, 885 F.2d at 604.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: January 6, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge